IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH R.,[1] | ) |
|       Plaintiff, | ) ) ) No. 19 C 868 |
| v. | ) ) Magistrate Judge |
| ANDREW SAUL, Commissioner of Social Security,[2] | ) Maria Valdez ) ) |
|       Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Keith R.'s claims for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 9] is granted in part and denied in part.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On February 5, 2015, Plaintiff filed a claim for DIB, alleging disability since May 9, 2013 due to back pain, migraine, and depression. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 26, 2017. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert and Plaintiff's daughter also testified.

On November 17, 2017, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 9, 2013. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; obstructive sleep apnea; migraine headaches; and depression. The ALJ concluded at step three that his impairments,

2

alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: no working around unprotected heights, open flames, or dangerous moving machinery; no climbing ladders, ropes, or scaffolds; occasional climbing ramps or stairs; occasional balancing, stooping, kneeling, crouching, and crawling; no concentrated exposure to extremes of cold, heat, humidity, or vibrations; exposure to moderate noise levels; and limited to simple, routine tasks and occasional interaction with co-workers, supervisors, and the public.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a heavy machine operator, janitor, and track repairer. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is

disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

4

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate

5

the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.  ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including that it failed to properly weigh the opinion of Plaintiff's treating psychiatrist, leading to a faulty mental RFC determination.

On June 12, 2017, Dr. Piyush Buch, M.D., completed a Medical Assessment of Condition and Ability to Do Work-Related Activities (Mental Impairment), along with a Mental Residual Functional Capacity Assessment. He had been treating Plaintiff since June 20, 2016 and diagnosed Plaintiff with major depressive disorder, stating that the condition had existed for three to four years and that the same limitations described in the report would have existed in May 2013. Objective

medical evidence supporting the diagnosis included depressed mood, hopeless and helpless feelings, irritability and anger, poor sleep, restlessness, poor attention, poor concentration, anxiety at times, and increased isolation. Dr. Buch reported that Plaintiff's condition had remained unchanged since he started treatment, and the prognosis was fair with medication compliance.

According to Dr. Buch, Plaintiff was unable to work because he could not handle stress, and he would be likely to decompensate if he were exposed to the stress of a routine work setting and schedule. In his Mental RFC Assessment, Dr. Buch opined that Plaintiff would be markedly limited in his ability to understand, remember, and carry out detailed instructions; to maintain attention and concentration for extended periods; to accept instructions and respond appropriately to criticism from supervisors; to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; to respond appropriately to changes in the work setting; and to set realistic goals or make plans independently of others. Plaintiff would be moderately limited in numerous other areas, including the ability to understand and remember very short and simple instructions; to maintain regular attendance and be punctual; and to make simple work-related decisions; to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

The ALJ gave Dr. Buch's opinion little weight, on the basis that it was not supported by the mental status exams or his improvement with medications; Dr.

Buch had only treated Plaintiff for one year; the treatment records do not show limitations in attention, concentration, or memory; Plaintiff denied depression when he saw other providers; and he never visited an emergency room or was admitted for inpatient treatment for depression. The ALJ also stated that although Plaintiff described limited daily activities, "factors other than activities of daily living are found to be more persuasive in assessing subjective symptoms and complaints." (R. 132.) The ALJ also gave little weight to the testimony of Plaintiff's daughter, who stated that Plaintiff suffered from mood swings, concluding that the claim was not supported by Dr. Buch's treatment notes.

Pursuant to the "treating physician rule,"[3] an ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739; *see also Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) ("A contradictory opinion of a non-examining physician does not, by itself, suffice as a justification for discounting the opinion of the treating physician."). The regulations

---

[3] The Social Security Administration has modified the treating-physician rule to eliminate the "controlling weight" instruction. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ..., including those from your medical sources."). However, the new regulations apply only to disability applications filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1527 ("For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply."). Plaintiff's application in this case was filed in 2015, and therefore the ALJ was required to apply the former treating physician rule.

require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See* 20 C.F.R. § 404.1527(c).

Plaintiff argues the ALJ improperly rejected Dr. Buch's opinion under the treating physician rule and instead relied on her own lay interpretation of the mental status findings and symptoms in the record. The Commissioner responds that the ALJ had adequate reasons to discount the opinion.

The Court agrees that the ALJ's analysis of Dr. Buch's opinion was inconsistent with the treating physician rule. The ALJ did not disagree with Dr. Buch's diagnosis of major depressive disorder but she gave little weight to his specific findings of functional limitations caused by Plaintiff's depression, stating that the psychiatrist's treatment notes often showed only minimal deficits in several fields. The problem with the ALJ's conclusion is that even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit, and she failed to do so. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308.

It appears that the ALJ gave Dr. Buch's opinion no weight at all, because the mental RFC limitations did not include any accommodations for psychiatric symptoms found by Dr. Buch. The limitation on interaction with coworkers, supervisors, and the public was only included "to accommodate[ ] the alleged mood swings," (R. 131), about which Plaintiff's daughter testified.

9

However, the ALJ gave no reasons for disregarding Dr. Buch's findings in their entirety, whereas several factors supported the validity of his opinion. Dr. Buch is a specialist in the field of psychiatry, with particular focus in the areas of depressive, anxiety, and bipolar disorders. The ALJ implied that the year-long treating relationship could be discounted because it was of short duration, but this was more than a single diagnostic visit; he received consistent treatment throughout the year. The diagnosis of depression was consistent with Plaintiff's testimony, his daughter's testimony, and his activities of daily living. The ALJ thus should have provided reasons for determining that Dr. Buch's opinion was of no value at all.

The ALJ needed to either account for Plaintiff's depression symptoms in the RFC or justify why it was not necessary to do so, but she did neither. The decision does not adequately explain whether Plaintiff's symptoms were fully accommodated or were discounted, and thus the Court cannot determine the sufficiency of the ALJ's analysis. *See Lothridge v. Saul*, -- F.3d --, 2021 WL 37503, at *5 (7th Cir. Jan. 5, 2021) ("It is not a court's role to displace an ALJ's judgment by making our own findings about the facts, but we cannot uphold an administration determination that failed to explain the outcome adequately.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 9] is granted in part and denied in part. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                  **ENTERED:**

**DATE:**    **January 29, 2021**             _____
                                                              **HON. MARIA VALDEZ**
                                                              **United States Magistrate Judge**